### W. C. JENNINGS v. THE STATE.

*No. 3891.   Decided December 5.*

**Complaint—Impossible Date in.**—Where a complaint which is the basis for an information alleged that the offense was committed on the 12th day of November, and the county attorney certifies that it was sworn to before him on the 6th day of November, which was six days before the offense was alleged to have been committed, *held*, that the date alleged in the complaint was an impossible date, and therefore said complaint was wholly invalid.

APPEAL from the County Court of Ellis. Tried below before Hon. B. McDaniel, County Judge.

Appellant was tried on information for unlawfully pursuing the occupation of selling intoxicating liquors without obtaining a license therefor. At the trial he was convicted, and his punishment assessed at a fine of $475.

*Tom P. Whipple*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This was a prosecution for engaging in and pursuing the occupation of retail liquor dealer without first having obtained a license therefor. It was instituted by a complaint made before the county attorney. This complaint alleges that the offense was committed on the 12th day of November, 1890.

In his jurat to the affidavit or complaint the county attorney certifies that it was subscribed and sworn to before him on the 6th day of November, 1890—that is, that the complaint was made six days before the offense is alleged to have been committed. The jurat of the officer is not only essential to a complaint (Scott v. The State, 9 Texas Ct. App., 434; Robertson v. The State, 25 Texas Ct. App., 529; Neiman v. The State, 29 Texas Ct. App., 360), but must also be presumed to import verity to the extent of its declarations. With regard to its necessary recitals, if there is a conflict with the instrument certified it must control. Lanham v. The State, 9 Texas Court of Appeals, 232, is a case directly in point with the case we are considering. The complaint is

a predicate for and essential as a basis for the information. They are both necessary parts of the prosecution, and must be filed together. Code Crim. Proc., arts., 35, 36, 431. If the complaint alleges an impossible date it will not support an information, but the latter will be quashed. Collins v. The State, 5 Texas Ct. App., 37; Hefner v. The State, 16 Texas Ct. App., 573; Huff v. The State, 23 Texas Ct. App., 291; Brewer v. The State, 5 Texas Ct. App., 248.

Because the complaint was made at a date anterior to the offense alleged, it is insufficient and invalid; and because the information is not based upon and supported by a valid complaint, the judgment is reversed and the prosecution is dismissed.

*Reversed and dismissed.*

Hurt, J., absent.