## HENRY AND GERTRUDE SCHWAB V. THE STATE.

No. 9668.   Delivered December 23, 1925.

1.—Manufacturing Intoxicating Liquor—Evidence—Silence of Accused—Inadmissible.

Where on a trial for manufacturing intoxicating liquor, the defense being that the liquor was being manufactured for medicinal purposes, it was error to permit the State to ask one of the defendants on cross-examination "When they found that still there and arrested you, why didn't you tell them you were making it for medicinal purposes?" and to ask same witness why she did not tell the sheriff she was making the whiskey for medicinal purposes. The law did not require appellant to make any statement to the arresting officers, and the admission of this evidence necessitates the reversal of the cause. Following Thompson v. State, 224 S. W. 892 and other cases cited.

2.—Same—Evidence of Sale—Properly Admitted.

Where on a trial for manufacturing intoxicating liquor, the indictment also charging in separate counts the possession of whiskey for the purpose of sale and possession of equipment for the manufacture of intoxicating liquor, there was no error in admitting evidence of a sale made by appellant, such testimony being admissible as showing intent, and having been limited to that purpose by the charge of the court.

Appeal from the District Court of Lipscomb County.   Tried below before the Hon. W. R. Ewing, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty two years in the penitentiary against each defendant.

The opinion states the case.

*Frank Willis,* Canadian, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellants, Henry and Gertrude Schwab, were jointly charged and convicted in the District Court of Lipscomb County of the offense of unlawfully manu-

facturing intoxicating liquor, and their punishment each assessed at two years in the penitentiary.

The record discloses that the officers made a raid and searched the house occupied by the appellant and his wife, and found a still in operation, and about a half a gallon of whiskey, and no one present at the house except the appellant's wife, Gertrude Schwab, at the time; Henry Schwab being out in the field hauling feed. They were both arrested by the sheriff and his deputies, and the still was confiscated. The appellant Gertrude Schwab took the stand and admitted manufacturing the whiskey, but contended that same was for medicinal purposes. This is a sufficient statement of the facts for a basis of this opinion.

By bill of exceptions No. 1 appellants complain of the action of the court in permitting the district attorney, over their objection, on cross-examination of the appellant, Gertrude Schwab, relative to the time of being arrested by Sheriff Roberts, to ask her the following question: "When Ben Roberts took you away from the house that morning, why didn't you tell him you were making whiskey for medicinal purposes?" To which the appellant answered, "He didn't ask, that is the reason; if he had asked I would have told him." The district attorney further asked said witness, "When they found that still there and they arrested you, why didn't you tell them you were making it for medicinal purposes?" To which she replied, "They didn't ask, and for that reason I didn't have no reason to tell them." The appellants contend that this was reversible error because said appellant was under arrest at the time, and the State had no right to use her silence against her, and that the law did not require her to make any statement to the arresting officers. We think the learned trial judge was clearly in error in admitting this testimony under the rule laid down by this court in the cases of Thompson v. State, 224 S. W. Rep. 892; Rippley v. State, 126 S. W. Rep. 586; Ritter v. State, 242 S. W. Rep. 469; Johnson v. State, 272 S. W. Rep. 783; Skirlock v. State, 272 S. W. Rep. 782.

By bills of exceptions 2 and 3 complaint is made of the action of the court in permitting the State to ask the appellant Gertrude Schwab, relative to a sale by her and her husband about the 7th day of August, 1924, of whiskey to the State's witness, one Scarborough, and to the State's permitting said Scarborough to testify to the purchasing of said whiskey from said appellants, because it is contended that same is too remote and does not shed any light on the alleged manufacturing of the

whiskey in question on the date of the arrest on December 4, 1924, and was inquiring into extraneous matter. The indictment in this case contained two counts other than the one upon which appellants were convicted, charging the possession of whiskey for sale and possession of equipment for manufacturing said whiskey. We are of the opinion that there was no error in the admission of · said testimony, and the court in· his charge to the jury in this case sufficiently instructed the jury that they could not convict the appellants of said alleged sale complained of, and that the same could only be considered with reference to the intent of the said appellants, if at all, in the manufacturing of the whiskey in controversy.

For the errors above discussed we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.