## EX PARTE ANNIE WILKERSON.

No. 9965.    Delivered December 23, 1925.

**1.—Habeas Corpus—Peace Bond—Practice.**

From an order of a justice of the peace, requiring that one shall enter into a bond conditioned that they will not commit a threatened assault on another, there is no provision in our Statutes for an appeal. A writ of habeas corpus in the County Court, under Sec. 16, Art. 5, of our State Constitution, is available to relieve one from unwarranted confinement under such order of a justice of the peace.

**2.—Same—Power of County Judges—Practice.**

When a writ of habeas corpus is granted by a county judge, to relieve a relator from illegal restraint by an order of a justice of the peace, requiring a peace bond, it is the duty of the county judge to inquire whether the facts supported the order entered by the justice of the peace. The principle involved is quite similar to that where a party is held in contempt of court, and seeks enlargement by an appeal to the writ of habeas corpus. See Ex Parte Degener, 36 Tex. Crim. Rep. 566 and other cases cited.

**3.—Same—Practice on Appeal.**

Where the writ of habeas corpus is granted by a county judge, on the application of relator to be discharged from an order of a justice of the peace requiring a peace bond, and the county judge having refused to hear evidence offered by relator, which showed the order of the justice of the peace to be without support, this court has no option but to reverse the judgment of the County Judge, and order the discharge of the appellant, which is accordingly done. See Ex Parte Firmin 60 Tex. Crim. Rep. 222, and other cases cited.

Appeal from the County Court of Floyd County. Tried below before the Hon. E. C. Nelson, Judge.

Appeal from an order of the County Court of Floyd County, remanding relator to the custody of the sheriff. Relator discharged.

*Matthews & Folley,* Floydada, for relator.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—By an order of the justice of the peace appellant was required to enter into bond in the sum of $500 conditioned that she would not commit a threatened assault upon one Velma Still, in default of which bond she was remanded to the custody of the sheriff of Floyd County to be confined in jail. (This proceeding was under Articles 79 and 80, C. C. P., 1925 Revision). Appellant was taken into custody under this judgment. She applied to the county judge of Floyd County for writ of habeas corpus alleging in her petition that she was illegally restrained of her liberty by virtue of such order because the bond was excessive, and because the facts were not sufficient to authorize the justice of the peace to require bond in any sum.

The Statute provides for no appeal from the order of a magistrate requiring a peace bond. If appellant had any remedy it was by resort to habeas corpus proceeding. Section 16, Article 5 of the State Constitution, empowers judges of the county courts "to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the county court, or any other court or tribunal inferior to said court." It was under this provision of the Constitution that appellant sought relief. Upon the hearing the learned trial judge held that he only had authority to inquire whether the bail required was excessive. He found the amount to be excessive and reduced it to $250, but declined to investigate the truth of the matters upon which the order of the justice of the peace was based. From the judgment of the county judge this appeal is taken.

We think the learned trial judge fell into error in holding that he had no right to inquire whether the facts supported the order entered by the justice of the peace. Otherwise one who might be held in custody by a purely arbitrary act of such officer would be without remedy. The principle involved is quite similar to that where a party is held in contempt of court and seeks enlargement by appeal to the writ of habeas

corpus. It now appears to be well settled in this State that under such circumstances the court has the right to examine into the truth of the facts upon which the order of contempt was based, and if they are found to be insufficient relief will be granted. See Exparte Degener, 30 Tex. Cr. App. 566, 17 S. W. 1111; Exparte Taylor, 34 Tex. Cr. R. 391, 31 S. W. 641; Exparte Parker, 35 Tex. Cr. R. 12, 29 S. W. 480; Duncan v. State, 42 Tex. Cr. R. 661, 62 S. W. 758.

Upon the hearing before the county judge the State introduced no evidence as to the facts upon which it relied to support the order of the justice of the peace, but rested solely upon the order itself. Appellant offered testimony which the court declined to consider, but which is brought before us by proper bills. This evidence shows the order of the justice of the peace to be without support.

This being the only evidence before us this court has no option but to reverse the judgment of the county judge and order the discharge of appellant, which is accordingly done. (See Exparte Firmin, 60 Tex. Cr. R. 222, 131 S. W. 1116; Exparte Foster 5 Tex. Cr. App. 625; Exparte Erwin, 7 Tex. Cr. App. 288; Exparte Cole, 14 Tex. Cr. App. 579.)

*Relator discharged.*