## Ex Parte Ed. Allen.

No. 12799.   Delivered June 26, 1929.

The opinion states the case.

*Owsley & Owsley* of Denton, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was arrested and tried before a Justice of the Peace of Denton County charged with seriously threatening the life of John Nash. Upon a hearing under Art. 80,

C. C. P., an order was entered requiring him to give bond in the sum of $3,500.00, conditioned that he should not execute said threat and that he should keep the peace toward the said John Nash for a period of one year. It further appears that appellant was unable to give this bond and was committed to jail on the 3rd day of January, 1929, where he has been ever since; that he thereafter sued out a writ of habeas corpus before the County Judge of Denton County, who was of the opinion that he was without power to discharge relator but might reduce his bond and the amount of his bond was accordingly reduced by an order of the County Court to the sum of $1,750.00, conditioned that upon his failure to make which that relator should remain in the custody of the Sheriff until the 3rd day of January, 1930. From this order relator appeals to this Court.

Evidence was heard by the County Court and the substance of this was that Nash, being a night watchman in the town of Lewisville, observed relator in December, 1928, in front of a business house running his car and talking loud. He was told to go home. Relator went away and then went into a barber shop, where he met a boyhood friend and there conversed with him for a few minutes. Nash followed him there. Relator observing him in order to avoid trouble, slipped out the back way and went into a café where Nash again followed him and after relator had finished eating, a wordy altercation ensued between them and Nash testified appellant said "he had a gun and if I wanted to die right then, to make a move. He repeated that two or three times and said 'I have got a gun and if you make a move, I will beat you to it.'" Nash tried to draw his gun and it was discharged in his pocket. He finally drew it and shot relator in the stomach. Relator took his gun away from him and as he went out of the building, Nash, apparently without any legal right, hit him in the head with the watchman's clock, rendering him unconscious. He was taken to the hospital and as soon as he was able to sit up, was tried by the Justice of the Peace with the results aforesaid. On the trial Nash further testified:

"I did not see Allen have any pistol but at the time I shot him I thought he had one. I now know that he was running a bluff on me, but I did not know it at the time."

It further appears that relator was not in fact armed with a pistol and did not have even a knife with him.

If relator was violating any law when he was being followed by the night watchman, it does not appear in this record. The evidence in fact shows otherwise.

The County Court had the right to hear and determine whether or not the action of the Justice of the Peace in committing relator was arbitrary and whether sufficient facts existed to authorize the judgment entered. Ex parte Wilkinson, 278 S. W. 427. This court has the same right.

We believe that a fair inference from all the facts in evidence will support the conclusion that the language of appellant was but a rash and inconsiderate expression provoked by an angry altercation in which the parties were engaged at the time. Under such facts the order of the Justice of the Peace was unauthorized. March v. State, 3 Tex. Crim. App. 107; Bolt v. State, 67 Tex. Crim. Rep. 551.

It has been held that threats made to prevent the commission of an unlawful act is no offense. Lane v. State, 101 Tex. Crim. Rep. 593. It is a matter of grave doubt as to whether or not the threats were only made conditionally and to prevent an unlawful attack by the night watchman upon relator. If so, they fall within the rule laid down in the Lane case, supra. We are not prepared to say that the conduct of the officer was not sufficient to provoke the remark which the State depends upon as showing a serious threat to take life. In other words, if the relator fearing an attack by the officer, made the threat only for the purpose of preventing an unlawful attack upon himself, his incarceration was unwarranted.

Because in our opinion the evidence does not support the order made by the Justice of the Peace, the judgment of the trial court is reversed and relator ordered discharged.

Reversed and relator ordered discharged.

*Reversed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.