EX PARTE C. C. BLACKMON.

No. 19610.    Delivered January 12, 1938.

The opinion states the case.

*W. D. Hollars,* of Vernon, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—This is an appeal from an order of the county judge of Wilbarger County, declining to discharge appellant or to reduce the amount of appellant's bond as originally fixed by the magistrate.

The record shows that a complaint was made by Stella Blackmon and filed in the justice court, charging C. C. Blackmon, the appellant, with having seriously threatened to take the life of Mrs. C. C. Blackmon, a human being.

Upon a hearing thereof by the justice of the peace, sitting as a magistrate, he made an order requiring the appellant to give a bond in the sum of $750 for the purpose of keeping the peace toward his family, in default of which he was to be committed to jail for a period of one year. Appellant applied to the county judge of said county for a writ of habeas corpus and prayed that upon a hearing thereof, he be discharged for the following reasons:

(1) Because the justice of the peace did not have jurisdiction to try the case; and

(2) Because the bond was excessive.

Article 79, C. C. P., reads as follows:

"Whenever a magistrate is informed upon oath that an offense is about to be committed against the person or property of the informant, or of another, or that any person has threatened to commit an offense, it is his duty immediately to issue a warrant for the arrest of the accused, that he may be brought before such magistrate or before some other named in the warrant."

Article 80, C. C. P., reads as follows:

"When the accused has been brought before the magistrate, he shall hear proof as to the accusation, and, if he be satisfied that there is just reason to apprehend that the offense was intended to be committed, or that the threat was seriously made, he shall make an order that the accused enter into bond in such sum as he may in his discretion require, conditioned that he will not commit such offense, and that he will keep the peace toward the person threatened or about to be injured, and toward all others for one year from the date of such bond."

It is our opinion that under the articles quoted, the justice of the peace who was sitting as a magistrate, had jurisdiction to hear and determine the question of whether the threat as charged was made, and to require appellant to enter into a bond to keep the peace, and in case he failed to do so, to be confined in jail as provided by Art. 85, C. C. P.

The amount of the bond in a matter of this nature rests

largely within the discretion of the magistrate. Unless it is made to appear that he abused his discretion and that the court upon a hearing of the writ of habeas corpus, in declining to discharge relator or reduce the amount of his bond as originally fixed by the magistrate, committed an error prejudicial to appellant, this court would not be authorized to disturb his judgment. In determining the amount of bond of one accused of having committed, or threatening to commit an offense, the magistrate may take into consideration the character of the accused, the gravity of the offense, as well as his ability to give bond.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.