EX PARTE JUAN MONTEZ.

No. 19808.   Delivered April 13, 1938.

The opinion states the case.

*E. P. Lipscomb, J. A. Jost,* and *Marcus Roberson,* all of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was charged by complaint filed in the justice court of Precinct No. 1 of Bexar County with seriously threatening to do some serious bodily injury to the person of Angela Montez. The justice of the peace made an order requiring him to make a good and sufficient peace bond in the sum of $500, and in default of giving such bond that he be committed to jail for a period of one year. Being unable to give said bond, he was placed in jail. Thereafter, he sued out a writ of habeas corpus to the judge of the district court of the 45th Judicial District of Texas, sitting at San Antonio.

The sheriff, who was holding the appellant by virtue of the commitment, answered the writ and upon a hearing thereof, introduced a copy of the complaint and a copy of the mittimus. No other evidence was heard. Appellant was remanded to the custody of the sheriff until such time as he should comply with the order of the justice court. From this order, appellant prosecutes this appeal.

It occurs to us that the district judge, having no more evidence before him than that disclosed by this record, erred in remanding appellant. We quote from Section 36, page 326, Vol. 7, Tex. Jur.:

"In the absence of evidence as to the facts which are relied on to support an order of the justice of the peace requiring a peace bond, the relator should be discharged; the order itself is not sufficient. In the absence of any showing that the magistrate heard proof of the accusation, and was satisfied that there was just reason to apprehend that the offense was intended to be committed, or that the threat was seriously made, as required

by the statute, the accused may not be lawfully held for failing to give bond."

See also Ex parte Wilkinson, 278 S. W. 426; Ex parte Allen, 19 S. W. (2d) 58.

Because the evidence, as the same appears in this record, does not authorize the order made by the district judge remanding appellant to the sheriff of Bexar County, the judgment is reversed and relator is ordered discharged.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.