EX PARTE S. J. (BALDY) WHATLEY.

No. 20310. Delivered January 25, 1939.

The opinion states the case.

. *Taylor, Irwin & Irwin, Ivan Irwin,* and *Wallace B. Moore,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—This is an appeal from an order of the Judge of the Criminal District Court of Dallas County, Texas, refusing to reduce the amount of the relator's peace bond upon the hearing of the application for a writ of habeas corpus.

It appears that an affidavit had been filed in the Justice Court, Precinct No. 1, Dallas County, Texas, alleging that the relator was "about to commit an offense against the person and property of Mr. W. N. Francis, to-wit: Threat to kill and do bodily harm." Upon a preliminary hearing in the Justice Court, the relator's release was conditioned upon his giving a peace bond in the sum of $35,000.00, the magistrate stating in his order that he was "satisfied that there is just reason to apprehend that the offense was intended to be committed and that the threat was seriously made." Upon the hearing of the relator's application for a writ of habeas corpus in the Criminal District Court, the judge denied the relief prayed for by the relator and remanded him to the custody of the sheriff for a period of one year or until he had posted a peace bond in the amount of $35,000.00, as ordered by the Justice of the Peace.

The State's testimony introduced upon the hearing of the application for the writ of habeas corpus is to the effect that the relator engaged in a fight with L. C. Barrow and others in a Beer Tavern in West Dallas on the night of September 4, 1938, during which the relator was injured. He obtained a shotgun and went to the home of Henry Barrow, where he awaited the return of the occupants of the house who were riding in a certain automobile. When they finally arrived and were in the act of going into the house, the relator opened fire on them. After shooting six times, he was asked to stop. He replied that "he was going to kill every damed one over there." After making the statement, he shot six more times. Mrs. Barrow was shot

in the head and lost one eye as a result of her injuries. Louis Francis was hit in the back by one of the shots. After the shooting, the relator drove off in his car.

Mrs. W. N. Francis (the affiant upon whose affidavit the relator was placed under the peace bond), testified that at Curley's Tavern on the Eagle Ford Road, the relator made threats against her life; that he said he was going to kill the whole family; that some thirty or forty minutes after making these threats the relator went to the Barrow home and fired into the house, thus injuring Mrs. Barrow and Louis Francis as above. stated. On cross-examination, the witness testified: "I didn't take it he meant he was going to kill me until he threw the bomb in my window."

There is evidence that the relator was under indictment in five cases of assault to murder; that in these cases he had made bonds in amounts aggregating $13,500.00; that he was also under bond for an offense alleged to have been committed in Kaufman County; that he made bonds in two or three cases at Decatur in Wise County; that he also made bond in burglary and theft cases in Hunt County. There is also evidence that the relator was under appearance bonds amounting to between $17,000 and $18,000 at the time of the present offense.

It is the contention of the relator that the peace bond in the amount of $35,000.00 is wholly excessive and is tantamount to a denial of bail.

Art. 83, C. C. P. provides that magistrates, in fixing the amount of the peace bond, "shall be governed by the pecuniary circumstances of the accused and the nature of the offense threatened or about to be threatened."

The determination of the question as to the amount of bail to be required in the particular case is left to the sound discretion of the judge, magistrate or officer taking the same. Thus, in determining the amount of bond of one accused of having committed or threatening to commit an offense, the magistrate may take into consideration the character of the accused, the gravity of the offense, and the accused's ability to give bond. See Ex parte Blackmon, 112 S. W. (2d) 739. The Court of Criminal Appeals will not revise the action of the judge or magistrate unless it be clearly shown that his discretion has been abused. It is incumbent upon the accused to show an abuse of discretion in fixing the bail at an excessive amount. See 5 Tex. Jur. p. 881, sec. 45.

In the present instance, the only evidence relating to the

relator's inability to post a peace bond in the amount of $35,-000.00 comes from the testimony of his wife, who testified:

"This defendant and I have no property. We live with my people. We have no money and no rich relatives and no rich uncle; and I do not know where we could get hold of money or security to make a $35,000.00 bond. I don't know where we could get hold of $35."

However, on cross-examination she testified: "I don't know how he has been able to make $17,500.00 worth of bonds recently. I don't know all of his business."

It is contended by the State that the $35,000.00 peace bond is not excessive for the reason that the relator is a known police character; that he has been the aggressor in numerous affrays; that he has been indicted for offenses alleged to have been committed in the counties of Hunt, Kaufman, Wise and Dallas; that at the present time he is under appearance bonds amounting to between $17,000 and $18,000.

Under the evidence reflected by the record before us, we are constrained to conclude that the amount of the peace bond set by the magistrate is not excessive.

The judgment of the trial court is therefore affirmed.