EX PARTE N. F. SALAMY.

No. 21501. Delivered February 5, 1941.

The opinion states the case.

*Clem Calhoun,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The relator is held by virtue of an order of the justice of the peace of precinct No. 1 of Potter County, requiring him to give bond in the sum of $300.00, conditioned that he keep the peace for a period of one year. He refused to give such bond, and under the justice's order, and as provided by statute, Art. 85, C. C. P., upon his refusal or failure to give such bond, relator was committed to jail for the term of one year, or until he gave such bond.

Relator sued out a writ of habeas corpus before the county judge who, upon a hearing thereon, remanded the relator to the custody of the sheriff of Potter County under the terms of the original order.

That the justice of the peace had the power to enter the order herein complained of we have no doubt. See Art. 79, C. C. P., which reads as follows:

"Whenever a magistrate is informed upon oath that an offense

is about to be committed against the person or property of the informant, or of another, or that any person has threatened to commit an offense, it is his duty immediately to issue a warrant for the arrest of the accused, that he may be brought before such magistrate or before some other named in the warrant."

That such a matter is reviewable by means of the writ of habeas corpus seems to have been decided in the case of Ex parte Wilkerson, 278 S. W. 426, 102 Texas Cr. R. 336, in which we held, in substance, that because of the fact that the statute had provided for no appeal from the order of a magistrate requiring a peace bond, the relator could resort to the writ of habeas corpus, and under that Section 16, Art. 5 of our State Constitution empowering judges of the county court to issue writs of habeas corpus in certain cases, the writ was properly granted by the county judge. In that case it was also held that the county judge had the power to inquire into the facts supporting the entry of the order of the justice of the peace. To the same effect is the case of Ex parte Montez, 115 S. W. (2d) 912, and also Ex parte Allen, 19 S. W. (2d) 58; 113 Texas Cr. R. 73.

It is provided by Art. 79, supra, that the magistrate shall be informed upon oath of the contemplated act as a basis of this action. In other words, it seems to contemplate the filing of a complaint in order to initiate such before the magistrate. We also find what is denominated a complaint in the record. The jurat thereto we find to be fatally defective. Such jurat reads as follows: "Sworn to and subscribed before me on this the 25th day of July A. D. 193._____." We observe that the date of the alleged offense is set forth in the complaint as July 25, 1940, but the jurat seems to be no possible date. Mr. Branch in his Penal Code, page 250, says:

"A complaint is fatally defective if it appears from the face of the jurat thereon that the complaint was sworn to on a date anterior to the date of the offense. Lanham v. State, 9 Texas Crim. App. 232; Jennings v. State, 30 Texas Crim. App. 428, 18 S. W. 90; Watson v. State, 45 S. W. 718."

It is our opinion that the complaint under which this relator is held herein is fatally defective in that the jurat thereon bears an improper date, and that the relator should have been discharged by the county judge under this writ.

The judgment of the trial court herein is reversed and the relator is ordered discharged.