EX PARTE JOHN POWERS

No. 29,080. June 12, 1957.

*Ronald Smallwood,* San Antonio, for relator.

*Hubert W. Green, Jr.,* Criminal District Attorney, and *Anthony J. Ferro,* Assistant Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

This is an appeal from an order of the Criminal District Court of Bexar County remanding relator to custody to abide the judgment of a justice of the peace requiring him to enter into a peace bond.

It was stipulated that a hearing was had before Justice of the Peace Floyd McGown "on a making threats complaint," appellant and his counsel being present, and the court, after having heard all the evidence, "entered a judgment of guilty and placed the defendant under a $200.00 peace bond;" that after the rendition of said judgment appellant was remanded into custody and was in custody at the time the writ of habeas corpus was granted.

. At the hearing on the application for writ of habeas corpus, Mrs. Louise Smith, who also testified before the justice of the peace, testified that she and appellant were neighbors in San Antonio, that in September preceding the hearing she had gone

to appellant's home in answer to a note which he had left at her house and appellant had charged her with stealing his cats and said, "You l- - - - b - - -, do you think you run this neighborhood? You've never run up against anybody like me before," and then he knocked her down and threatened to kill her. She stated that she went to the district attorney's office after this occurrence but that no complaint was filed against the appellant. She testified further that in December following she and the appellant got into another unfriendly discussion, during which the appellant said, "I'll knock your g - - d - - head off," following which she appeared before a justice of the peace at a peace bond hearing because she feared that the relator would execute his threat.

Mrs. Smith's 12-year-old daughter corroborated her testimony concerning the threat made in December.

The appellant offered evidence that Mrs. Smith's children had been depredating upon his property and had been interviewed by the juvenile authorities in connection therewith.

Testifying in his own behalf, th appellant denied that he had struck Mrs. Smith during the September incident but admitted that she had fallen or thrown herself upon the floor of his house on that occasion. He stated that she admitted having taken his six cats away in an automobile and that he had gone and gotten them from where she said she had taken them. As to the December incident, he stated that Mrs. Smith's children had depredated upon his property and that he had told her, "If you were a man and I thought you had anything to do with this, you should have the top of your head torn off," but that at no time had he ever threatened to do her bodily harm.

The questions to be determined are whether or not the action of the justice of the peace was arbitrary and whether sufficient facts existed to authorize the judgment entered. The district judge found these issues against appellant's contention, and this court's duty is to review the trial court's judgment and the evidence before him on the habeas corpus hearing and determine whether his findings are supported by the evidence. Ex parte Whatley, 136 Texas Cr. Rep. 144, 124 S.W. 2d. 357.

Reliance is had upon Ex parte Allen, 113 Texas Cr. Rep. 73, 19 S.W. 2d 58, and Ex parte Carson, 148 Texas Cr. Rep. 559, 189 S.W. 2d 741.

In the Allen case, the person threatened was a nightwatchman who usually went armed and who had sought to force the relator to go home without having any authority for such command. This court found that the threats made by the relator were made in order to prevent an unlawful attack upon him by the nightwatchman.

The facts in the Carson case are not set forth in the opinion and therefore afford no basis for our decision of this case.

The trial judge who heard the witnesses decided the conflict in the evidence against the appellant, and we find the evidence sufficient to support his finding.

No reversible error appearing, the judgment of the trial court is affirmed.