EX PARTE ARTHUR LEE MCNEEL

No. 29,552. January 8, 1958.

W. P. Sexton, Orange, and *Joe B. Goodwin,* Beaumont, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

Appellant, relator in the court below, was, by the county

judge of Orange County, ordered to enter into a peace bond. This he failed and refused to do and was placed in custody. He made application to the district court of said county for a writ of habeas corpus. At the hearing, the state offered in evidence the order of the county judge, which recited that a hearing had been held in said proceeding and that the judge was satisfied from the proof therein made that a threat to do great bodily harm to one James G. Aubin was seriously made by relator and ordered that relator enter into a peace bond in the sum of $3,000.00 and, upon failure to do so, ordered him remanded to jail for a period of one year.

The state failed to introduce any further evidence, and relator took the position that the burden was upon the respondent, rather than upon him, to do so. The district judge refused the relief prayed for and ordered relator committed to the custody of the sheriff, from which order he gave notice of appeal.

On a prior day of this term, by order, we granted bail pending this appeal.

Two cases are cited by relator in support of his contention that the district judge should have discharged him.

Ex parte Wilkinson, 102 Texas Cr. Rep. 336, 278 S.W. 426, does not support relator's position. In that case, the respondent offered the order of the magistrate and rested. Wilkinson offered evidence showing the order of the magistrate to be without support, but the county judge who granted the habeas corpus and presided at the hearing declined to consider it. The holding of this court was that the principle involved was similar to contempt of court habeas corpus proceedings and that the court had the right to examine into the truth of the facts upon which the order was based. Applying such principle, it was held that Wilkinson was entitled to discharge, the evidence showing the order of the magistrate to be without support.

The other case cited by appellant is Ex parte Montez, 134 Texas Cr. Rep. 315, 115 S.W. 2d 912, in which Ex parte Wilkinson was relied upon.

A close reading of the opinion in Ex parte Montez will reveal that it was predicated upon the premise that the respondent had not offered in evidence the judgment or order of the magistrate, but only a copy of the complaint and a copy of the mittimus or commitment.

Ex parte Montez is not here controlling, and we need not therefore either reaffirm or override it. Here, the respondent introduced the judgment or order of the magistrate which recites that he was satisfied from the proof that there was just reason to apprehend that the threat was seriously made by appellant to do great bodily harm to James G. Aubin at the occasion of their next meeting, upon which finding he ordered that relator enter into a peace bond in the sum of $3,000.00.

Relator was offered the opportunity to prove his contention that the order was not supported by proper pleadings or evidence but declined to offer testimony on such issues.

We overrule the contention that it was the burden of the respondent to support the judgment or order of the magistrate and hold that the judgment or order was sufficient prima facie evidence that his confinement in default of making the peace bond required thereby was lawful.

At a habeas corpus hearing, if the respondent attaches to his answer the judgment of a court of competent jurisdiction, then he has shown good grounds and a prima facie case authorizing the detention of the relator, and it then becomes incumbent upon the relator to overcome this prima facie case, 12 Am. Juris., sec. 150, page 247.

In the event another application for writ of habeas corpus should be applied for and granted, testimony on the issue should be presented to overcome the respondent's prima facie case.

The judgment is affirmed.