**Ex parte Wesley D. CARDWELL, Relator.**

**No. B–83.**

Supreme Court of Texas.

May 3, 1967.

Rehearing Denied May 31, 1967.

John H. Regner, Houston, for relator.

L. J. Clayton, James C. Brough, Houston, for respondent.

GREENHILL, Justice.

This is an original habeas corpus proceeding. The relator, Wesley D. Cardwell, was picked up and jailed upon a writ of attachment for failure to obey court orders

relating to child support. It affirmatively appears from the record that he was not served with citation or a copy of a "show cause" order prior to his being seized or prior to his trial for contempt and subsequent commitment, other than the writ of attachment. The order of commitment, however, recites that Cardwell had been "duly cited." The question is whether Cardwell had been afforded due process. We hold that he had not.

In December of 1966, Cardwell's wife, Carol, brought a suit against him for divorce and requested custody of their minor child. She also sought support for the child and requested that Cardwell be required to make medical and financial arrangements for the birth of their unborn child.

On January 3, 1967, the Court of Domestic Relations Number 4 of Harris County directed Cardwell to make such arrangements and payments. The first of such payments was due on January 6, and Cardwell failed to make it. Five days later, the wife filed a motion that Cardwell be held in contempt. The trial court on the same day signed an order directing Cardwell to appear on January 20 and show cause why he should not be held in contempt.

A citation was issued to be served on Cardwell, but the deputy sheriff was unable to serve him. On January 24, the wife filed a motion alleging that Cardwell was deliberately avoiding the service of process and requested the court to issue a writ of attachment for him. The deputy also made an affidavit that he believed that Cardwell was avoiding service and stating that he had been unable to serve him. The citation itself is in the record. It shows that unsuccessful attempts were made to serve Cardwell on January 13, 14, 16 and 19. On January 24, the court issued an order direct-

ing that Cardwell be arrested and produced "instanter." The deputy was able to find Cardwell for the service of this order; and on January 27, Cardwell was picked up and directly put in jail. No copy of this order or writ of attachment is in the record.

Cardwell remained in the Harris County jail from January 27 until January 30 when he was led from the jail to the courtroom. He was found to be in contempt and sentenced to six more days in jail, three days for each of two violations. On February 3, after he had been in jail since January 27, Cardwell applied to this Court for a writ of habeas corpus. The writ was granted on that same day, conditioned on Cardwell's making a $500 bond. He was released from jail on February 6 upon making the bond. His case was later argued to this Court.

Article 4639a of Vernon's Ann.Texas Civil Statutes states that "after ten days' notice" the trial court may enforce its support orders by civil contempt proceedings. Rule 308–A of the Texas Rules of Civil Procedure also states that "notice of such [show cause] order shall be served on the respondent * * * not less than ten days prior to the hearing on such order to show cause."

It affirmatively appears from the citation and from a "Statement of Facts" prepared in narrative form by the trial court, that Cardwell was not served with citation to appear for the show cause hearing.[1] It further appears from the statement of the trial court that Cardwell was seized under its "order of attachment" and brought [from the jail] to the "show cause" hearing at which he was adjudged in contempt.

▮▮▮▮ The order of commitment, however, recites that "the said Wesley D. Card-

---

[1]. The paper headed "Statement of Facts" and stamped with the signature of the trial judge was sent to this Court by an assistant district attorney two days before oral argument of the cause. It is not shown when it was prepared; it was not part of the record sent us by the clerk of the trial court; and it was not filed with the clerk of the trial court. Counsel for Cardwell states that he was not furnished with a copy of it and had had no opportunity to examine it. We shall assume, however, that it is an admissible part of the record here.

well has been duly cited." It is a general rule in this State in civil cases that a recitation of due service in a judgment cannot ordinarily be impeached by a collateral attack. Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 137 A.L.R. 1032 (1941); Smith v. Walker, 163 S.W.2d 857 (Tex.Civ.App.1942, writ refused). One of the reasons for the rule is that errors or failures in citations may be reached by motions for new trial, bills of review, by appeal, and by other methods. In contempt proceedings, however, there is no remedy by appeal. The only remedy to review contempt proceedings where the relator is in custody is by habeas corpus. Wagner v. Warnasch, 156 Tex. 334, 295 S.W.2d 890 (1956). The statutes and our rules require ten days' notice upon service of process; and it would be unconscionable for us to establish a precedent in contempt cases that a trial court could order the seizure and incarceration of a citizen with no notice and then deprive him of a right to relief in a habeas corpus proceeding by reciting in its judgment that the person had been "duly served." See Ex parte Wilkinson, 102 Tex.Cr.R. 336, 278 S.W. 426 (1925). As this Court stated in Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961), a contempt proceeding is unlike a civil suit, has some of the incidents of a trial for crime, and is quasi-criminal in nature.

■ Under such circumstances, this Court will consider the entire record to determine whether due process has been accorded to the relator. Ex parte Morris, 147 Tex. 140, 215 S.W.2d 598 (1948); Ex parte Elmore, 161 Tex. 585, 342 S.W.2d 558 (1961); Ex parte Duncan, 42 Tex.Cr. R. 661, 62 S.W. 758 (1901).

By examining the record, including the trial court's own narrative "Statement of Facts," it is clear that Cardwell was not served in accordance with the statute and our rule.

If we assume that the writ of attachment (which was not a part of the record sent to this Court) gave Cardwell some kind of notice, it was served less than ten days before his "show cause" hearing.[2] During the period from the service of the writ until he was brought on for trial, a period of three days, he was kept in jail.

We have held that while the *language* of the statute and the rule is mandatory, trials for contempt conducted upon less than ten days' notice will not constitute a denial of constitutional due process in all instances; and contempt judgments based on such trials may, therefore, be valid. Where there is less than ten days' notice, the relator may be entitled to be discharged because of a lack of due process. Ex parte Davis, 161 Tex. 561, 344 S.W.2d 153 (1961). As we said in *Davis*, each case must be evaluated on its own facts.

■ We need not speculate as to whether only three days' notice could afford due process if the person were correctly cited and he were free and able to make adequate preparation for trial. Here, however, if relator was given any notice at all by the writ of attachment, it was not the type prescribed by law. The three days' time which he had was spent in jail, during which period he was unable to communicate with the outside world at least the major portion of the time. Instead of having at least the statutory ten days to use freely to prepare for trial after proper notice, relator had three days of confinement without proper notice. We hold that, as a matter of law, he was deprived of his liberty without due process of law. We therefore order the relator, Wesley D. Cardwell, discharged from the custody of the sheriff of Harris County, Texas.

---

2. It is unnecessary for us to decide in this case upon the validity of the use of a "writ of attachment" under these circumstances. This Court has suggested that a defendant might be attached when he failed to appear in response to [i. e., after] a show cause order for contempt.

Ex parte Winfree, 153 Tex. 12, 263 S.W. 2d 154, 41 A.L.R.2d 1259 (1953). Here, however, the relator, Cardwell, was not served with a copy of the show cause order giving him notice of the contempt hearing.