Ex Parte Alberto GARZA.

No. 9162.

Court of Civil Appeals of Texas, Amarillo.

Dec. 19, 1979.

David D. Garza, Tomas Garza Law Office, Lubbock, for relator.

Tommy J. Turner, Wagonseller, Cobb, Burrows & Snuggs, Lubbock, for respondent.

DODSON, Justice.

In this original habeas corpus proceeding, relator Alberto Garza seeks release from the custody of the Sheriff of Hale County, Texas. Mr. Garza was incarcerated pursuant to an Order of Contempt and a Writ of Commitment for failure to obey court orders relating to child support. We released him

on bond pending resolution of this case. We order Mr. Garza discharged from custody because the record fails to show that he had any actual or constructive notice or knowledge of the show cause hearing at which he was held in contempt.

On 18 August 1978, Mr. Garza and Berta Garza were divorced. There were three children of the marriage and relator was ordered to pay child support. Subsequently, on 31 July 1979, Berta Garza filed a Motion for Contempt for the non-payment of the child support. A show cause hearing was set for 31 August 1979, at 2:00 P.M. Notice of the hearing date was issued on 16 August 1979, and was served on Mr. Garza prior to 31 August 1979. The court, however, did not hear the matter at that time and date.

The record shows that the contempt hearing was held on 6 September 1979; that Berta C. Garza appeared in person and by her attorney; and that Mr. Garza did not appear. At this hearing, the trial court found Mr. Garza in contempt for failure to pay child support payments, as previously ordered by the court. The court ordered him confined in the Hale County jail until he purged himself by paying past due support payments in the amount of $925 plus court costs.

In his verified but uncontroverted pleadings, Mr. Garza states that the contempt order is void; that he appeared before the court on 31 August 1979, at the time specified in the notice; that no hearing was held by the court at such time; that the court did hear the same motion for contempt on 6 September 1979; and that being unaware of such hearing, he did not appear. In essence, he maintains the contempt order is void because he had no actual or constructive notice or knowledge of the hearing at which he was held in contempt. The contempt order recites, *inter alia,* that Alberto Garza, although duly cited and served with notice of the hearing, did not appear.

■ In general, in a constructive contempt proceeding the incarcerated relator is denied due process of law when he has no actual or constructive notice or knowledge

of the hearing at which he is held in contempt. *Ex parte Herring,* 438 S.W.2d 801, 803 (Tex.1969); *see Ex parte Cardwell,* 416 S.W.2d 382, 384 (Tex.1967). Moreover, when the original hearing date is cancelled, postponed or otherwise vacated, then due process requires that the relator be given notice of any subsequent hearing at which he is held in contempt. *Ex parte Peterson,* 444 S.W.2d 286, 289 (Tex.1969). Furthermore, a recitation in the order of contempt that the relator was duly cited and served with notice to appear is not controlling on the due process issue even though it is the general rule in Texas, in civil cases, that a recitation of due service in a judgment cannot ordinarily be impeached by a collateral attack. *Ex parte Cardwell, supra,* at 384.

In *Cardwell* the Texas Supreme Court stated:

> it would be unconscionable for us to establish a precedent in contempt cases that a trial court could order the seizure and incarceration of a citizen with no notice and then deprive him of a right to relief in a habeas corpus proceeding by reciting in its judgment that the person had been "duly served." See *Ex parte Wilkinson,* 102 Tex.Cr.R. 336, 278 S.W. 426 (1925). . . . [A] contempt proceeding is unlike a civil suit, has some of the incidents of a trial for crime, and is quasi-criminal in nature.

*Ex parte Cardwell, supra,* at 384. Thus, under the circumstances, we are required to consider the entire record to determine whether the relator is afforded due process of law. *Ex parte Cardwell, supra,* at 384.

■ Although Mr. Garza was cited and served with notice of the show cause hearing set for 2:00 P.M. on 31 August 1979, the record fails to affirmatively show that he "was duly cited and served with notice" of the 6 September 1979 hearing. Notwithstanding the absence of notice by service of citation, the relator may be afforded due process when he is given ample actual notice of the hearing by the court or a proper officer of the court or when he has personal notice or knowledge of the hearing at which he is held in contempt. *Ex parte Herring, supra,* at 803.

The statement of facts records the following dialogue between the court and the attorney for Berta C. Garza:

THE COURT: I am calling for hearing at this time show cause order which arises out of alleged failure to make child support payments in case number 18,367 on the docket of the 242nd District Court. The record will show that I am Judge of the 64th District Court which is co-existive in jurisdiction and venue with the 242nd District Court, and I am, accordingly, proceeding to hear this matter.

All right, sir, Mr. Turner, if you are ready, call your first witness.

MR. TURNER: Before we begin, Your Honor, I'd like to state to the Court that I believe the Court's file reflects that the Respondent was served by personal service in Lubbock County, and last Thursday evening the District Clerk's office called me at my home in Lubbock to tell me that the hearing which had been originally scheduled for last Friday was canceled. And I made a notation in my file on Friday morning when I got to the office.

And Friday morning the Respondent called me at my office, and he asked me when the hearing was going to be and where it was going to be. And I had, frankly, forgotten whether it was Wednesday or Thursday, and I told him I didn't know right then whether it was Wednesday or Thursday. I was in our coffee room and didn't have the file in front of me. I told him that he could check with the Clerk's office here in Hale County, and he became angry with me because I did not know and, rather than argue with him, I hung up. I didn't feel like it was my responsibility to tell him any more than I had. But he did have notice, and, so we are here today.

THE COURT: For purposes of the record, too, Mr. Turner, rather than cancel it, the record will show that this case was continued to this point because of the fact that due to the case load that exists in this present court—we have two courts in this district, but because the courthouse is being remodeled, the other District Court is operating in the other two counties, and we have only one court here, and that this continuance was by reason of congestion of cases and not because of dilatory tactics on the part of Mr. Turner or anyone connected with it. So, I will proceed to hear this matter.

The statement by Berta C. Garza's attorney confirms that he did not give Mr. Garza notice of the 6 September 1979 hearing and he in effect refused to convey the hearing date to Mr. Garza. The record also fails to show that the court or anyone else gave Mr. Garza notice of the 6 September 1979 hearing at which he was held in contempt. Mr. Garza had no attorney of record during the contempt phase of the proceedings. Furthermore, there is no evidence in the record showing that he was in any manner attempting to evade service of process or attempting to voluntarily absent himself from the contempt hearing.

■ Berta C. Garza filed a brief in support of the contempt order. She claims the relator was not denied due process because he had an affirmative duty to determine when the court would hear the contempt matter after the original hearing was cancelled, postponed or vacated as the case may be. We do not agree.

■ Mrs. Garza cites no authority for her position and we find none. A constructive contempt proceeding unlike a civil suit has some of the incidents of a trial for crime and is quasi-criminal in nature. Although due process does not require the actual presence of the relator at the contempt hearing, it does require that he be given notice of the hearing at which he is held in contempt. *Ex parte Herring, supra*, at 803; see *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex.1979). Moreover, when the original hearing date is cancelled, postponed or otherwise vacated, then due process requires that the relator be given notice of the subsequent hearing at which he is held in contempt. *Ex parte Peterson, supra*, at 289.

The record shows that the 64th District Court and 242nd District Court sit in Hale County, Texas. As in other multi-court

counties, cases are frequently transferred from one court to the other for hearings on pending matters. *See* Tex.R.Civ.P. 330. In the case before us, the divorce action was determined in the 242nd District Court, the motion for contempt was filed in this same court and the show cause order setting the original hearing date was issued from this court. The subsequent 6 September 1979 contempt hearing, however, was held in the 64th District Court.

We acknowledge that it is necessary for the courts to utilize the transfer procedure to facilitate the efficient administration of justice. Nevertheless, when the original hearing date is cancelled, postponed or otherwise vacated for any reason, we are unwilling to predicate due process notice of the subsequent hearing on the ability or inability of the relator to ascertain for himself when the subsequent hearing will be held or in which court the hearing will be conducted.

In summary, we conclude from the record before us that Mr. Garza had no notice of the 6 September 1979 hearing at which he was held in contempt, that he was denied due process of law and that the order of contempt is void. Accordingly, we discharge the relator, Alberto Garza, from custody.