IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00405-CR

 

KendrEa Gonzalez,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F39126

 



O p i n i o n



 

          The trial court found Appellant
Kendrea Gonzalez in contempt for violating a condition of bond—that she not use
illegal drugs—and sentenced her to jail for 180 days.  She filed an application
for writ of habeas corpus, which the trial court heard but denied.  She appeals
the trial court’s denial of her habeas corpus application (see Tex. R. App. P. 31),[1]
asserting that due process violations resulted in a void contempt order and
that her sentence was illegal.  We find that the contempt order is void and
that the sentence is illegal, and we order Gonzalez’s immediate release.

Background

          After being arrested and indicted for
the offenses of possession of a controlled substance (methamphetamine, 1-4
grams) with intent to deliver and possession of marihuana, Gonzalez was
released on $10,000 bond.  On July 18, 2005, Gonzalez was arraigned before the
Honorable William C. Bosworth, Jr., Judge of the 413th District Court in Johnson County.  The trial court placed a bond condition that Gonzalez not use any illegal
drugs or alcohol.  See Tex. Code
Crim. Proc. Ann. art. 17.44(a)(2) (Vernon 2005).  The trial court asked
Gonzalez if there was anything in her body that would turn up on a drug screen
that day, and Gonzales answered, “No, sir.”

          At a September 8, 2005 pretrial
hearing, the State informed the trial court that the probation department had
reported that several of Gonzalez’s urinalysis (UA) samples were diluted but
that others were clean.  The trial court ordered Gonzales to appear again on
September 12; she did, and the trial court allowed her retained attorney to
withdraw and appointed another attorney to represent her.

          The State filed a motion to declare the
bond insufficient on September 29, alleging that Gonzalez tested positive for
amphetamine/methamphetamine on July 13 and July 22 and that she submitted
diluted urine specimens on August 25 and September 1.[2] 
The State requested that Gonzalez’s $10,000 bond be declared insufficient and
that she be taken into custody to make a new bond.  Hearing on the State’s
motion was set for October 20.

          At an October 3 status conference
hearing, the State advised the trial court about Gonzalez’s drug test results. 
The trial court ordered Gonzalez to submit to a drug test that day.  Later that
day, Gonzalez appeared again.  The trial court first reiterated that it had
ordered Gonzalez not to use illegal drugs or alcohol while out on bond and that
it had received a report from the probation department that showed diluted
urine specimens and a positive test for amphetamines for September 12.  The
trial court said that if evidence of those reports is presented, “there’s
really no other explanation other than there’s an illegal drug in your system,
if that’s what the chemist says. . . .  If the lab report shows that, then that
probably would indicate to me that you must have used shortly before court last
time. . . .  [T]hat would indicate to the Court that – that – recent use.  So
you’ve got that.”  The trial court next indicated receiving information that
Gonzalez had trouble producing a urine specimen for testing.  The trial court
warned Gonzalez that if she did not produce a specimen within forty-five
minutes, she might be held in contempt:

          I ordered you to take a test today,
and your attorney says you’re having some trouble producing a sample.  And I
would indicate to you that I’m ordering you to give a sample today.  Now, if
you can’t give one here in another 45 minutes, I don’t really have a whole lot
of choice.  I can either put you in jail on a contempt charge, you know,
possibly that, or I possibly could get a hair sample or order a hair sample
which will give me more information than you want me to have.  I don’t know. 
But in about 45 minutes, I’m going to make a decision as to what to do.

 

Now, let me talk to you about the contempt
problem.  And this is just for your education and this is something your
attorney asked me to tell you directly.  When the Court orders something to be
done, the Court has certain powers to make sure they get done.  One of them is
a contempt power.  And if the Court finds that you’re in contempt for
disobeying a Court order, then I have power to put you in jail for up to six
months and fine you $500.  There’s no right to appeal.  There’s no review. 
That’s just the way it is.  There’s no trial.  It’s just whether I decide to do
it or not.  Okay.  And that hasn’t been decided, but I think you ought to be
able to know ahead of time what the possible penalties are for failure to
follow the Court’s orders. . . .  So you have about 45 minutes to produce a
urine sample.

 

Gonzalez ultimately provided a urine specimen
that day.

          The trial court held a hearing on the
State’s motion to declare the bond insufficient on October 20.  Evidence of
Gonzalez’s positive and two diluted UAs were admitted.  The trial court found
Gonzalez’s $10,000 bond insufficient because of her illegal drug use and set a
new bond at $50,000.  The trial court also stated:

In addition, under Code of Criminal Procedure,
I’m going to hold you in contempt of Court for violating a condition of bond
imposed under the Code of Criminal Procedure.  Accordingly, I’m going to
sentence you to 180 days in the county jail on a contempt charge for violating
– the violations are on 7/13, 7/22 and 9/12/2005.

 

The trial court entered a written order
adjudicating contempt.  That order repeated the UA test findings, stated that
Gonzalez’s violation of the bond condition that she not use illegal drugs was
found to be contemptuous conduct, and ordered her sentence of 180 days in jail.

          Gonzalez filed an application for writ
of habeas corpus on October 24, asserting that her confinement in county jail
was illegal.  On November 14, a hearing was held on her application.  The trial
court was advised that Gonzalez had met the $50,000 bond but was unable to be
released because of the contempt sentence.  The State, citing Article 7.1(a)
[7.18] of the Code of Criminal Procedure, opposed the application.  The trial
court denied the application, stating:

The contempt is for the direct misrepresentation
made in open court when she stood here before me and lied to me.  That’s the
contempt part of it.  I could assess contempt under 7.1(a) [7.18] of the Code
of Criminal Procedure.  And that is, in fact, part of her problem.  As a term
and condition of her bond, she was to abstain from using illegal drugs, and she
did not.  So she violated her bond.  So I set the bond at 50,000 and also held
her in contempt on the direct and indirect contempt.  So I’m going to deny your
Writ of Habeas Corpus.

Applicable Law

          A criminal contempt order is punitive
and unconditional in nature and is an exertion of the court’s inherent power to
punish the contemnor for a completed act that affronted the court’s dignity and
authority.  Ex parte Johns, 807 S.W.2d 768, 771 (Tex. App.—Dallas 1991, orig. proceeding).  Contempt proceedings are quasi-criminal in nature, and
they should conform as nearly as practicable to those in criminal cases.  Ex
parte Sanchez, 703 S.W.2d 955, 957 (Tex. 1986).  There are two types of
criminal contempt: direct and constructive (or indirect).  Direct contempt
involves disobedience or disrespect to the court’s authority and that is
committed in the presence of the court, while constructive contempt occurs
outside of the court’s presence.  In re Johnson, 996 S.W.2d 430, 433 (Tex. App.—Beaumont 1999, no pet.).  Constructive contempt refers to acts that require
testimony or the production of evidence to establish their existence.  Ex
parte Daniels, 722 S.W.2d 707, 709 (Tex. Crim. App. 1987).  Constructive
contempt is commonly an act that constitutes a failure to comply with a valid
court order.  See, e.g., Ex parte Arnold, 503 S.W.2d 529, 533-34 (Tex.
Crim. App. 1974); Johnson, 996 S.W.2d at 433.

          Notice in the due process context of
criminal contempt proceedings requires timely notice by personal service of the
show cause hearing and full and unambiguous notice of the contempt
accusations.  See, e.g., Ex parte Adell, 769 S.W.2d 521, 522 (Tex. 1989); Ex parte Vetterick, 744 S.W.2d 598, 599 (Tex. 1988); In re Rowe,
113 S.W.3d 749, 752 (Tex. App.—Austin 2003, no pet.).  The notice must state
when, how, and by what means the person has been guilty of contempt.  Vetterick,
744 S.W.2d at 599.  A contempt order rendered without such adequate
notification is void.  Adell, 769 S.W.2d at 522.

          The validity of a contempt judgment
can be attacked only by habeas corpus.  Collins v. Kegans, 802 S.W.2d
702, 705 (Tex. Crim. App. 1991).  The purpose of a writ of habeas corpus is not
to determine the guilt of the contemnor, but only to determine whether she was
afforded due process of law or if the order of contempt is void.  Ex parte
Gordon, 584 S.W.2d 686, 688 (Tex. 1979).  An order is void if it deprives
the applicant of liberty without due process of law.  Ex parte Swate, 922
S.W.2d 122, 124 (Tex. 1996).

Analysis

          At the outset, we note that the
State’s brief acknowledges that the trial court’s actions involved only
constructive contempt and that Gonzalez was not afforded a formal charge of
contempt and a formal notice of a contempt hearing.  The State therefore urges
that Gonzalez was given “constructive” notice of the contempt charges and the
contempt hearing at the October 3 status conference.  Citing Ex parte Garza,
the State alleges that notice of the charges of and hearing on allegations of
constructive contempt can be in the form of constructive notice.  See Ex
parte Garza, 593 S.W.2d 114, 116 (Tex. App.—Amarillo 1979, orig. proceeding). 
There the court stated in passing, “In general, in a constructive contempt
proceeding the incarcerated relator is denied due process of law when he has no
actual or constructive notice or knowledge of the hearing at which he is held
in contempt.”  Id.  Other than this statement in passing, the court
neither addressed nor held that constructive notice of a constructive contempt
hearing—much less constructive notice of contempt allegations—can be
appropriate.  Furthermore, it is settled that oral notice of a contempt hearing
is inadequate.  Vetterick, 744 S.W.2d at 599.  We decline to follow Garza’s
dicta or to adopt a rule that constructive notice of a contempt hearing or of
contempt charges can be appropriate.[3]

          Accordingly, we find that the failure
to provide Gonzales with actual notice of the contempt hearing and actual
notice of the contempt allegations constitutes a due process violation that
results in a void contempt order.[4]  The
trial court erred in failing to grant habeas corpus relief to Gonzalez.

          Gonzales is entitled to relief on an
additional basis.  It is clear from both the October 20 hearing and the habeas
corpus hearing that the trial court held Gonzales in contempt under article
7.18 of the Code of Criminal Procedure.  That article provides:

Art. 7.18. Contempt

 

Violation of a condition of bond imposed under
this chapter is punishable by:

          (1)      forfeiture of the bond;

          (2)      imposition of the fine and
confinement for contempt under Section 21.002(c), Government Code; or

(3)      both forfeiture of the bond and
imposition of the fine and confinement.

 

Tex. Code Crim. Proc.
Ann. art. 7.18 (Vernon 2005)
(emphasis added).

          Section 21.002(c) of the Government
Code provides:

          (c) The punishment for contempt of a
justice court or municipal court is a fine of not more than $100 or confinement
in the county or city jail for not more than three days, or both such a
fine and confinement in jail.

 

Tex. Gov’t
Code Ann. § 21.002(c) (Vernon 2004)
(emphasis added).

          A trial or appellate court that otherwise
has jurisdiction may always notice and correct an illegal sentence.  Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003).  The trial court’s 180-day
sentence greatly exceeds the three-day maximum sentence prescribed by article
7.18, which expressly incorporates subsection 21.002(c)’s three-day maximum
sentence.  The 180-day contempt sentence is thus a void illegal sentence.  See
id. at 805 & n.7 (sentence outside maximum or minimum range of
punishment is unauthorized by law, illegal, and void).

Conclusion

The October 20, 2005 contempt order is void
because of lack of notice, and the 180-day sentence is void because it exceeds
the statutory maximum.  Gonzalez has been incarcerated under the void contempt
order and void sentence since October 20—for over three months.  We order
Gonzalez’s immediate release from the effects of the void contempt
order.

 

PER CURIAM

 

Before
Justice Vance and

Justice Reyna

Contempt
order void

Opinion
delivered and filed January 27, 2006

Publish

[CR25]








 









    [1]       We
have jurisdiction of an appeal from a trial court’s pretrial denial of habeas
corpus relief.  E.g., Ex parte Davis, 147 S.W.3d 546 (Tex. App.—Waco
2004, no pet.).

 





    [2]       The
State amended this motion on October 3, adding an allegation that Gonzalez
tested positive for amphetamine/methamphetamine on September 12.





    [3]       Furthermore,
Gonzales was provided notice of an October 20 hearing on only the State’s
motion to declare her bond insufficient based on her failed drug tests, and
that motion did not request that Gonzales be held in contempt.  And even reviewing
the record in a light favorable to the contempt order, the trial court’s
contempt warning to Gonzales at the October 3 status conference provided only a
contempt warning to Gonzalez if she failed to provide a urine sample within 45
minutes.  It did not warn her that she could be found in contempt at the
October 20 hearing for violating the bond condition that she not use drugs.

 





    [4]       At
the habeas corpus hearing, the trial court judge stated that he found Gonzalez
in direct contempt for lying to the court.  But both the trial court’s oral
ruling at the October 20 hearing and the trial court’s October 20 written order
unequivocally state that Gonzales was being held in contempt for violating her
bond condition that she not use illegal drugs and she was found to have tested
positive.  The record does not support a finding of direct contempt.