RECEIVED

JAN 23 2015

DENISE PACHECO, CLERK
EIGHTH COURT OF APPEALS

08-14-00308-CV

NO. 08-14-00308CV

IN THE
COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

FILED IN
COURT OF APPEALS

JAN 23 2015

DENISE PACHECO
CLERK 8th DISTRICT

IN RE ROSA SERRANO, INDIVIDUALLY
*Relator,*

On Appeal from the County Court at Law Number Seven
of El Paso, Texas
Cause No. 2012-DCV-06341

# MOTION TO RECONSIDER SUPPLEMENT
# TO MOTION FOR REHEARING
# PETITION FOR WRIT OF MANDAMUS
# EMERGENCY EXTRAORDINARY RELIEF

Rosa Serrano
1510 N. Zaragoza Ste. A-4
El Paso, TX 79936
915-443-3582
PRO SE

# IDENTITY OF PARTIES AND COUNSEL

## Relator/Defendant

**Rosa Serrano**

## Counsel for Relator-Pro Se

Rosa Serrano
1510 N. Zaragoza Ste. A-4
El Paso, TX 79936
915-443-3582
PRO SE

## Real Party in Interest/Plaintiff

**Pellicano Business Park, L.L.C. A Texas Corporation**

## Counsel for Real Party in Interest

Burton Cohen
501 Executive Blvd. Ste. 200,
El Paso, TX 79902

## Respondents

**Hon. Vigil Mulanax and Hon. Tom Spcienzy**
County Court at Law Number Seven
501 E. San Antonio, Room 1203
El Paso, Texas 79901

# TABLE OF CONTENTS

Issues Presented:

1. Does finality of claims and issues initially filed in a cause of action to declare lien fraudulent conclusive and can such motion convert to a declaratory judgment? ...................................................................................................ix

2. Does trial court abuse its discretion when it claims to have plenary power when findings of fact and conclusions of law can conclusively determine the documentation validation only? ...................................................................................................Ix

3. Is the judgment of contempt void because the trial court had no personal jurisdiction over Relator with respect to the underlying motion to declare lien fraudulent cannot consider any other orders?

4. Did the trial court's plenary jurisdiction related to the underlying orders expire, deprives trial court of jurisdiction and does any underlying orders granted exceeded the mandamus power of the trial court?

5. Are appellate courts prohibited to hear moot controversies in appeal of judgment issued in motion to declare lien fraudulent under *Tex. Gov't. Code* 51.903?

Mandamus Relief is Warranted ...................................................................................................vi-vii

Prayer ...................................................................................................10

Certificate of Service ...................................................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Ex parte Barlow,*
899 S.W.2d at 798 ..................................................................................................5

*In re Brookshire Grocery Co.,*
250S.W.3d 66, 68 (Tex. 2008) ...............................................................................4

*Camarena v. Texas Employment Comm'n,*
754 S.W.2d 149, 151 (Tex. 1988) ...........................................................................7

*Cascos*
319 S.W.3d at 215 ..................................................................................................8

*Ex parte Cardwell,*
416 S.W.2d 382, 384 (Tex. 1967) ...........................................................................5

*Custom Corporates, Inc. v. Sec. Storage, Inc.,*
207 S.W.3d 835, 838
(Tex. App.--Houston [14th Dist.] 2006, orig. proceeding) ....................................9

*Firemen's Ins. Co. v. Burch,*
442 S.W.2d 331, 333 (Tex. 1968) ...........................................................................7

*Ex parte Friedman,*
808 S.W.2d 166, 168 (Tex. App.—El Paso 1991, orig. proceeding) ......................9
*Hall,*
433 S.W.3d at 207 ..................................................................................................9

*In re Hereweareagain, Inc.,*
383 S.W.3d 703, 714
(Tex.App.--Houston [14th Dist.] 2012, orig. proceeding) ....................................6

*In re Long,*
984 S.W.2d 623, 626 (Tex.1999) ....................................................................3, 5, 9

*Matz v. Bennion,*
961 S.W.2d 445, 449 (Tex.App.–Houston [1st Dist.] 1997, pet. denied) ..............5

*In re Norris,*
371 S.W.3d 546, 548 (Tex. App.—Austin 2012, orig. proceeding).....................................5

*In re Prudential Ins. Co. of Am.,*
148 S.W.3d 124, 135-36 (Tex. 2004)....................................................................5

*In re R.G.,* 388 S.W.3d 820, 822 (Tex. App.–
Houston [1 Dist.], August 30, 2012, no pet.)....................................................4

*Ex parte Salfen,*
618 S.W.2d 766, 769 (Tex. Crim. App. 1981)...................................................9

*Snodgrass v. Snodgrass,*
332 S.W.3d 653, 660 (Tex. App. -Houston [14th Dist.] 2010, no pet.)............8

*In re Sw. Bell Tel.Co.,*
35 S.W.3d 602, 605 (Tex. 2000)........................................................................8

*Strawder v. Thomas,*
846 S.W.2d 51, 61 (Tex. App.–Corpus Christi 1992, no writ)..........................5

*Tex. Animal Health Comm'n v. Nunley,*
647 S.W.2d 951, 952 (Tex. 1983).....................................................................5

*Texas Ass'n of Bus. v. Air Control Bd.,*
852 S.W.2d 440, 444 (Tex. 1993).....................................................................7

*Trinity Drywall Sys., LLC v. TOKA Gen. Contractors, Ltd.,*
No. 08-12-00041-CV, 2013 WL 5936420
(Tex. App.—El Paso Nov. 6, 20013, pet. denied).................................... vi,2,3

**Statutes and Rules**
Tex. Prop. Code § 53.160 ...................................................................................2
Tex. Gov't. Code  § 51.903 .................................................................................1
Tex. Const. Art. 2 § 1 ..........................................................................................7

# MANDAMUS RELIEF IS WARRANTED

Mandamus is warranted because this is a case where a final judgment had been issued when findings of fact and conclusions of law were filed under *Tex. Gov't. Code* 51.903(e) on November 06, 2012 **(CR 99-102).**

Where findings of fact and conclusions of law have been issued, it leaves this court with a moot controversy to attain jurisdiction on appeal, thus mandamus will issue grant relief sought by Relator. Where contempt orders can only be removed by mandamus when trial court was left without subject matter jurisdiction, and where motion to declare lien fraudulent could not attain jurisdiction of any other motion or declaratory judgment. Therefore the opinion issued on August 27, 2014 is an advisory opinion, and trial court lacks jurisdiction in 2012-DCV-06341 to grant any contempt order or restraint onto Relator to sell real property to foreclose on lien. Because Real Party failed to file suit and issue of the lien was disposed and fully litigated, an advisory opinion proves res judicata precludes any subsequent action to remove lien. Furthermore constitutional liens cannot be removed under Chapter 53 of the Texas Property Code, leaving a valid constitutional lien that can be foreclosed. By this appellate court's opinion in *Trinity Drywall Sys., LLC v. TOKA Gen. Contractors, Ltd.,* No. 08-12-00041-CV, 2013 WL 5936420 (Tex. App.—El Paso Nov. 6, 20013, pet. denied), trial court reversed its decision to vacate constitutional lien and revived lien to foreclose on its Order Concerning a Constitutional Lien on August 27, 2014 (advisory

opinion). Where res judicata now leaves the matter disposed and no subsequent action to determine lien amount can be heard. Where plenary power cannot be given when jurisdiction was not attained, mandamus is proper to issue when appeal is not afforded to Relator as of November 06, 2012 when trial court abuses its discretion by asserting plenary power on a void order. Trial court continues to preside over a proceeding when jurisdiction was not granted by *Tex. Gov't. Code* 51.903 and abuses its discretion that prejudices Relator when no other available remedy is granted by appeal.

Hon. Vigil Mulanax and Hon. Tom Spcienzy failed to attain jurisdiction of cause number 2012-DCV-06341 and both judges abused their discretion on any order issued apart for findings of fact and conclusions of law.

Where contempt orders cannot be appealed, abuse of discretion by trial judges in granting void order and moot controversy grants mandamus for Relator to receive relief when appeal cannot be heard by appellate court. Appellate courts are strictly prohibited by the constitution to hear moot controversies and cannot issue advisory opinions, where mandamus is a proper vehicle to grant relief sought by Relator.

This error of law cannot be remedied by appeal and the Court should grant mandamus relief.

# ISSUES PRESENTED

1. Does finality of claims and issues initially filed in a cause of action to declare lien fraudulent conclusive and can such motion convert to a declaratory judgment?

2. Does trial court abuse its discretion when it claims to have plenary power when findings of fact and conclusions of law conclusively determine the documentation validation only?

3. Is the judgment of contempt void because the trial court had no personal jurisdiction over Relator with respect to the underlying motion to declare lien fraudulent cannot consider any other orders?

4. Did the trial court's plenary jurisdiction related to the underlying orders expire, deprives trial court of jurisdiction and does any underlying orders granted exceeded the mandamus power of the trial court?

5. Are appellate courts prohibited to hear moot controversies in appeal of judgment issued in motion to declare lien fraudulent under *Tex. Gov't. Code* 51.903?

Clerk's record had been requested in appeal cause number 08-13-00201CV which should be reference in this mandamus proceeding. The clerk's record has also been supplemented as requested by Relator on January 21, 2015. Affidavit is attached of any subsequent orders that were issued for this Court to consider. This motion to reconsider is supplemental to the motion for rehearing to show mandamus shall issue on cause number 2012-DCV-06341 and 2014-DCV-2758.

Motion for rehearing on Writ of Mandamus was granted but the petition was denied. (See opinion issued on 01-15-2015, 08-14-00308CV) The opinion reads that for failure to show that no adequate remedy exists by appeal and failure to show trial abused its discretion, it will not grant mandamus. Although this is Relator's third attempt for mandamus to issue to vacate orders but if not granted to clarify the motion for rehearing for the relief requested is granted although the mandamus will not issue. For these reasons Relator submits this motion to reconsider mandamus or clarification of granting motion for rehearing with the relief sought.

Relator asks this for clarity when it has shown that a moot controversy currently exists within cause number 2012-DCV-06341 which prohibits appellate court to consider. Therefore it is not clear if it can issue mandamus but grant motion for rehearing when jurisdiction is not attained by a controversy that is now moot. Relator respectfully asks clerk's record requested in 2013-DCV-00201CV is used in this original proceeding to reference this motion to reconsider mandamus (08-14-00308CV).

## 1. TEX. GOV'T. CODE 51.903(a)

The primary reason trial court abuses its discretion when it fails to attain plenary power and assumes to have a "live" controversy although indicative that Texas Government Code 51.903 does not grant court with jurisdiction

when it is derived to be a motion not a suit. The only procedure that can be held in this motion is determination of the lien as valid or fraudulent and findings of fact and conclusion are filed to either grant or deny the relief. Because untimely filing of lien by Relator under *Tex. Prop. Code* 53.160 is not permitted in this proceeding as reason to have lien declared fraudulent, especially when statute to vacate lien prescribes a suit to remove lien, a motion cannot be converted into a declaratory judgment to see if a lien was timely filed. Since a prerequisite of filing a suit, (*Tex. Prop. Code* 53.160) is required, a motion to declare lien fraudulent is not equivalent to the procedural duty of vacating a lien is therefore denied when no suit is filed along with motion. Unless Real Party of Interest had a suit filed under 2012-DCV-06341 for removal of lien, the issue was determined to be valid and res judicata precludes any subsequent action to file suit. Without affirming that a suit can be filed in ignoring res judicata, *Trinity* 416 S.W. at 201 determined by this same appellate court that constitutional liens cannot be removed by Chapter 53 of the Texas Property Code. In reaffirming case law again as have other appellate courts previously ruled concerning constitutional liens, Real Party of Interest is left without an affirmative defense even if res judicata was not applied (without affirming), but since

2

this doctrine affords Relator a speedy and end to futile litigation by Real Party of Interest, the lien issue is again settled.

Where Relator holds a constitutional lien and subject matter jurisdiction is lacking to Respondent (Hon. Vigil Mulanax) to hold plenary power when declaration of document as valid concluded proceeding, trial court abuses its discretion therefore meeting one of the elementary requirements to issue mandamus. "A trial court also abuses its discretion by entering a contempt judgment that is not supported by evidence, and such a judgment is void." *See In re Long*, 984 S.W.2d 623, 626 (Tex.1999).

Evidenced by *Trinity,* 416 S.W. 3d, at 209, Relator was elevated to original contractor and granted a constitutional lien (Exhibit B") under the authority given by the constitution. Primarily the only issue remaining is one in tort, when lien issue was disposed in motion to declare lien fraudulent and motion cannot entertain any other declaratory judgment when statute limits its authority of what action can be taken. Thence lacking a supplemental suit along with this motion to declare lien fraudulent state statute limits its authority to no other proceeding than prescribed.

## 2. ABUSE OF DISCRETION- LACKING PLENARY POWER

Clearly trial court abuses its discretion when it lacks plenary power to issue contempt orders, because contempt orders cannot be appealed, mandamus

3

will issue to vacate contempt orders. Plenary power had been expired since November 06, 2012, it is clear statute only grants trial court limited powers to determine lien fraudulent or valid. **(CR 99-102)** Lien was determined valid in findings of fact and conclusions of law, wherefore this concludes cause number 2012-DCV-06341 and preclusive of any other lien issue that could be supplemented when filing deadlines for appeal have passed and res judicata precludes litigation.

"When a trial court issues an order after its plenary power has expired, that order is void." *See In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex.2008) (orig. proceeding); *In re R.G.*, 388 S.W.3d 820, 822 (Tex. App.– Houston [1 Dist.], August 30, 2012, no pet.).

Accordingly, the plenary jurisdiction of the trial court expired on or about November 06, 2012. The jurisdiction of the trial court to hold Relator, in Cause No. 2012-DCV-06341, in contempt for violating orders entered in that litigation where beyond the authority granted under the motion to declare lien fraudulent. Plus the contempt order issued after plenary power had been lost on August 26, 2013 whereby the contempt order exists but is void of any enforcement when the motion to declare lien fraudulent cannot execute any authority to issue contempt order. **(CR 420-422)** Again

4

contempt order was issued on November 2014 although plenary power had expired, trial court continues to abuse its discretion by issuing a void order.

"If the trial court had no personal jurisdiction over the Relator in the litigation forming the basis for the contempt proceeding, the judgment of contempt and commitment order are void." *See Ex parte Barlow*, 899 S.W.2d at 798. "A trial court does not have jurisdiction to enter orders or render a judgment for or against a person unless a controversy exists between individuals and the controversy is legally presented for determination." *Matz v. Bennion*, 961 S.W.2d 445, 449 (Tex.App.–Houston [1st Dist.] 1997, pet. denied); *Strawder v. Thomas*, 846 S.W.2d 51, 61 (Tex. App.–Corpus Christi 1992, no writ). "A relator is entitled to mandamus relief "when a trial court clearly abuses its discretion and there is no adequate remedy by appeal." *In re Norris*, 371 S.W.3d 546, 548 (Tex. App.—Austin 2012, orig. proceeding) (citing *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004)).

"Contempt orders are not reviewable by appeal; therefore, if a trial court abuses its discretion by holding someone in contempt, there is no adequate remedy by appeal, and the second prong of mandamus review is satisfied." *In re Long*, 984 S .W.2d 623, 625 (Tex. 1999); *Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex. 1983); *Ex parte Cardwell*, 416

S.W.2d 382, 384 (Tex. 1967) ("In contempt proceedings, however, there is no remedy by appeal.").

In the event that Respondent's intent might suggest that the Order was not an Order of Contempt, but a separate sanction, this suggestion would fail for two reasons. First, the record is clear that the Order of Contempt was entered pursuant to the Motion to Restrain Sale. Second, there is no adequate remedy on appeal for a sanction order, because that order was not an appealable judgment. *See In re Hereweareagain, Inc.*, 383 S.W.3d 703, 714 (Tex.App.--Houston [14th Dist.] 2012, orig. proceeding) (holding that because a sanctions order is not a final, appealable judgment, no adequate remedy was available on appeal).

When trial court asserts plenary power over a proceeding that is clearly conclusive by statute, it abuses its discretion by claiming authority to rule other than findings of fact and conclusions of law as prescribed by statute. Therefore the elemental mandate of this proceeding having been met, mandamus shall issue when trial court abuses its discretion when it claims plenary power although expired. Secondly contempt orders issued in this cause number cannot be appealed and are reviewable by mandamus. Having no authority on an issue disposed in cause number 2012-DCV-06341 by way

6

of motion to declare lien fraudulent, clearly sets for mandamus to issue where an adequate remedy by appeal is not evident.

## 3. MOOT CONTROVERSIES

Furthermore since motion to declare lien fraudulent was disposed on November 06, 2012 and conclusive of lien issue where it cannot consider any declaratory action, it became moot when no appeal was taken after November 06, 2012 by Real Party of Interest. Since this establishes that an appeal cannot be done, mootness prohibits this appellate court with jurisdiction by appeal.

"Appellate courts are prohibited from deciding moot controversies. This prohibition is rooted in the separation of powers doctrine in the Texas and United States Constitutions that prohibits courts from rendering advisory opinions." *See TEX. CONST.* art. II, § 1; see also *Texas Ass'n of Bus. v. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *Firemen's Ins. Co. v. Burch*, 442 S.W.2d 331, 333 (Tex. 1968). "A case becomes moot if at any stage there ceases to be an actual controversy between the parties. Appellate courts are prohibited from deciding moot controversies." *See Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex. 1988). "A case becomes moot if at any stage there ceases to be an actual controversy between the parties." *Id.* at *151*.

Where moot controversies are strictly prohibited by the constitution, this appellate court does not hold jurisdiction of appeal in 2012-DCV-06341, if appealable had the timetable not expire, yet it has occurred and closed any opportunity to appeal. Given that motion can only entertain a declaration of the documentation, and on November 06, 2012, it was conclusive of the issue, where no appeal was taken, the controversy is moot. No adequate remedy by appeal can be afforded to any party, thus mandamus is an adequate vehicle. Disposing of the two critical requirements to grant mandamus, Relator prays that this will persuade this appellate court to revisit petition for Writ of Mandamus and grant the relief sought. Or if not able to grant relief by Mandamus, that motion for rehearing grants relief sought as pled on December 31, 2014.

"The relator need not show the absence of an adequate remedy if the trial court's "order was void." *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000, orig. proceeding) (per curium). "In an original proceeding regarding a contempt order, the court will grant relief if a relator shows that the order underlying the contempt is void, or if the relator shows that the contempt order itself is void." *Snodgrass v. Snodgrass*, 332 S.W.3d 653, 660 (Tex. App. -Houston [14th Dist.] 2010, no pet.). "An order is void if "the trial court had no power or jurisdiction to render" it." *Cascos,* 319 S.W.3d at

8

215; *Ex parte Friedman*, 808 S.W.2d 166, 168 (Tex. App.—El Paso 1991, orig. proceeding). "An order is beyond the power of the court if the court lacks: (1) jurisdiction of the subject matter; (2) jurisdiction of the person; or (3) authority to render the particular judgment." *Ex parte Salfen*, 618 S.W.2d 766, 769 (Tex. Crim. App. 1981). "Further, where there is no evidence of contempt, the order is void." *See In re Long*, 984 S.W.2d at 626.

Because the underlying orders were void for exceeding the trial court's subject matter jurisdiction in declaration of documentation under statute and the Order of Contempt was issued long after the plenary jurisdiction expired, the Order of Contempt is void. **(CR 420-422)** Mandamus relief is therefore warranted for this additional independent reason. Accordingly, the Order of Contempt, is void and a Writ of Mandamus directing the trial court to vacate its judgment of contempt is warranted.

"In a mandamus or habeas proceeding challenging a trial court's contempt order, the relator is entitled to relief if he demonstrates that the challenged order is void." *See, e.g., Hall*, 433 S.W.3d at 207 ("In an original proceeding regarding a contempt order, this court will grant relief if a relator shows that the order underlying the contempt is void, or if the relator shows that the contempt order itself is void."); *see also Custom Corporates, Inc. v.*

9

*Sec. Storage, Inc.*, 207 S.W.3d 835, 838 (Tex. App.--Houston [14th Dist.] 2006, orig. proceeding) ("Cases involving void orders present a circumstance warranting mandamus relief.")

Where Relator has met the two prong test to grant Writ of Mandamus in addition a moot controversy has now transpired by evident case law authority not previously cited or adjudged by this appellate court, therefore mandamus is warranted. Relator again seeks to have Writ of Mandamus issue and proceed forward with collection of judgment when res judicata precludes and ends litigation on the lien issue. No one negates Relator holds a constitutional lien and lien amount has no bearing to be heard by trial court when a suit can only determine the lien issue not a motion. Relator asks motion to reconsider is joined with motion for rehearing to affirm Writ of Mandamus will be granted.

## PRAYER

**FOR THESE REASONS**, Serrano requests that this Court grant the petition for Writ of Mandamus. Direct the court that it no longer has plenary power over a constitutional lien, and with instruction to judicially foreclose lien with lien amount set at $50,000 with interest as of December 31, 2014, of $29, 516.41 in cause number 2013-DCV-3139. Mandate res judicata denies plenary power to Respondent to assess value on lien and lien amount

10

is set as filed. Res judicata grants a constitutional lien to Relator. Vacate all contempt orders under 2012-DCV-06341 and 2013-DCV-3139 and restraining orders are dissolved and set aside. Sanctions of not less than $10,000 is granted to Relator against Real Party of Interest where frivolous pleadings are shown by *Tex. Gov't. Code* 51.903(a). Writ of Garnishment is issued for collection of $50,000 plus interest of $29,516.41 in cause number 2104-DCV-2758. And for any other relief that Serrano is justly entitled.

Respectfully submitted,

Rosa Serrano
1510 N. Zaragoza Ste. A-4
El Paso, Texas 79936
915-443-3582
Pro Se

## CERTIFICATE OF SERVICE

On this day January 23, 2015, **Rosa Serrano**, served notice to Pellicano Business Park, L.L.C., counsel by mail, email and fax to its attorney of record **Burton Cohen**, 501 Executive Blvd. Center, Suite 200 El Paso, TX 79902.

**Rosa Serrano**

# AFFIDAVIT OF ROSA SERRANO

STATE OF TEXAS          {
                        {
COUNTY OF EL PASO        {

BEFORE ME, the undersigned authority, on this day personally appeared Rosa Serrano, known to me to be the person whose name is subscribed to the following instrument, and having been by me duly sworn upon oath deposes and states as follows:

"My name is Rosa Serrano. I am over the age of 18 years old. Copies of the Order Concerning a Constitutional Lien, Mechanic's Lien and Order to hold in Contempt are true and accurate copies of the clerk's record and county clerk's record.

All the information that I provided to the court was true and complete and contained no false statements or material omissions at the time it was provided to the court. Upon oath and under penalty of perjury, the statements made in this Affidavit are true.

Further Affiant sayeth not."

_____
Rosa Serrano, Affiant

SUBSCRIBED AND SWORN TO this 20th day of January 2015.

MONICA R. PEREZ
Notary Public, State of Texas
My Commission Expires
July 21, 2018

_____
Notary Public in and for
The State of Texas

FILED
NORMA L. FAVELA
DISTRICT CLERK

2014 AUG 27  AM 11: 34

EL PASO COUNTY, TEXAS

BY_____
DEPUTY

| IN RE: | § | |
| PELLICANO BUSINESS PARK, | § | |
| L.L.C., A TEXAS CORPORATION | § | CAUSE # 2012DCV06344 |
| | § | |
| Movant. | § | |

## ORDER CONCERNING CONSTITUTIONAL LIEN

This case, and the case it was severed from, have a complicated history in which the parties have been referred to, at different stages, as Movant, Non-Movant, Plaintiff, Defendant, Counter Claimant and Respondent. For the sake of simplicity, they will be referred to in this Order as Serrano and Pellicano.

Serrano leased unimproved premises from Pellicano and, through her own work and through contractors, completed major improvements, including the installation of heating, air conditioning and ventilation systems, bathrooms, walls and ceilings. The work was completed in the late spring or early summer of 2011 and a certificate of occupancy was issued in the summer of 2011.

In November of 2011, Serrano was evicted for delinquent rent.

After extensive and unsuccessful challenges to that eviction, Serrano filed a Mechanics Lien on the property on June 4, 2012.

Pellicano filed suit to vacate that lien and alleged that it was fraudulent, was filed late, and was filed without proper notice.

On November 6, 2012, the Court rejected Pellicano's claim that the lien was fraudulent. Based on credible testimony from Serrano and others, the Court found that

1

Serrano did provide some materials and do some work on the property. The Court did not make any finding that $50,000.00 was or was not a fair value for that work and material.

On December 10, 2012, the Court vacated and set aside the lien because it was not timely filed, and notice was not properly given, in accordance with Section 53.055 of the Property Code. The Court again declined to make any finding as to whether $50,000.00 was an appropriate valuation for Serrano's claim.

Serrano then filed a constitutional lien.

On July 25, 2013, the Court vacated the constitutional lien because Serrano did not comply with the statutory framework for perfecting and executing liens (i.e. the Property Code provisions for timely filing and notice).

On July 30, 2013, the Court re-affirmed the Order vacating the constitutional lien and severed that claim so that there might be an expedited appeal. The Court of Appeals determined that vacating the lien was not an order that could be appealed on an interlocutory basis and denied relief to Serrano on August 14, 2013.

On August 5, 2013, this Court entered an Injunction prohibiting Serrano from "taking any steps to effectuate a sale of the property at issue or to otherwise seek to enforce those purported liens."

Serrano did take some steps and on August 26, 2013, was held in contempt.

She now comes before the Court asking that the constitutional lien be revived in light of Trinity Drywall Systems Inc. v TOKA General Contractors, 416 S.W.3d 201 (Tex. App. El Paso, 2013, pet. filed).

Constitutional liens are authorized by Article 16, section 37 of the Texas Constitution which states:

Mechanics, artisans, and materialmen, of every class, shall have

a lien upon the building and articles made or repaired by them

for the value of their labor done thereon or material furnished

therefore; and the legislature shall provide by law for the speedy

and efficient enforcement of said liens.

The Trinity Drywall case makes it clear that constitutional liens are available even if the filing or notice requirements for statutory liens are not met. The Court held "However, when an original contractor fails to meet the requirements for a statutory lien, the constitutional lien is still available to him." Trinity at 208.

Although the Constitution explicitly applies to "material men of every class", the Trinity Drywall case limits the availability of constitutional liens to original contractors. "The constitutional lien is only available to those who contract directly with the property owner or his agent." Trinity at 208; "It is well settled that a constitutional lien requires a person to be in privity of contract with the property owner and, therefore, that lien does not apply to derivative claimants such as subcontractors." Trinity at 206.

Being bound by that interpretation of the phrase "of every class", the Court must determine whether Serrano was in privity of contract with Pellicano concerning the construction. She was. The COMMERCIAL LEASEHOLD CONSTRUCTION ADDENDUM (attached) states explicitly that "landlord authorizes Tenant to construct the improvements described in this addendum provided that Tenant complies with all the

3

terms of this addendum" and allows Tenant to enter the property "for the purpose of constructing the improvements described under this addendum." (par. A.)

That contract does not give Serrano any contractual basis to assert a lien, and actually prohibits her from doing so. She was contractually obligated to obtain an independent contractor (par E) and to guarantee no liens were filed (par H.) Therefore, we have a situation where Serrano did work pursuant to a contract that guaranteed there would be no liens.

Trinity Drywall holds that doing construction work under a direct contract with a property owner is enough to support a Constitutional lien. Serrano meets that threshold.

The question before the Court is whether the language of the contract whose existence creates a constitutional lien can defeat a constitutional lien. Put differently, there is a Constitutional provision which gives rights and protections to people who perform construction work and a contract which prohibits the exercise of those rights and which protects the property owner. Which prevails?

The Court believes that the rights and protections to workers conferred by the Constitution should prevail over the protections to the property owner which are conferred by a contract. Therefore, the constitutional lien survives.

However, the Court recognizes that the constitutional lien may have little or no value because Serrano obligated herself to assume the full cost of construction, and to indemnify Pellicano for any lien exposure, under paragraphs B, F, H, and K of the ADDENDUM. Therefore, Serrano, as someone who did construction work under a direct contract with a property owner does have the status of a constitutional lien holder. The Court makes no finding concerning the worth of that lien.

4

Therefore the following Order is Entered.

The Order of July 25, 2013 VACATING the constitutional lien and the Order of July 30, 2015 reaffirming the ruling are hereby SET ASIDE. Under Trinity Drywall, the constitutional lien survives.

The Preliminary Injunction of Aug. 5. 2013 is hereby MODIFIED so that Serrano is not enjoined from exercising her rights with regard to a constitutional lien.

The Court again makes no finding concerning the value of any lien.

The Contempt Order of August 26, 2013 is not VACATED or MODIFIED.

Signed and entered this 27 day of August, 2014.


TOM SPIECZNY, JUDGE


cc:  Burton Cohen        Fax:  915/544-6712
     Rosa Serrano

5

Mechanical and Material man's lien
# CLAIM OF LIEN

State of Texas

County of El Paso

Before me, the undersigned Notary Public, personally appeared Rosa Serrano DBA The Lens Factory, who duly sworn says that she is (the lienor herein) whose address in

1510 N. Zaragoza Ste. A-4, El Paso, TX 79936
And that in accordance with a contract with Golden Eagle Contractors.

Lienor furnished labor, services and materials. 100% of work has been completed of job contract. I received payment of $0.00, towards balance of **$ 50,000.00 (Fifty Thousand dollars and zero cents)** leaving a balance of **$50,000.00(Fifty Thousand dollars and zero cents).**

I Rosa Serrano am filing an affidavit of mechanics lien on the following real property in El Paso County, State of Texas.

**11500 Pellicano Ste. B-1, El Paso, Texas 79936.**

With legal description being as such noted in property records to be:

**Property ID: 252705 GEOGRAPHIC ID: 334 VISTA DEL SOL #68 W PT OF 1.**
The owners' names are **Pellicano Business Park**

This instrument was acknowledged before me on __04__ day of June 2012, by Rosa Serrano, DBA The Lens Factory.

Rosa Serrano, Affiant

SUBSCRIBED AND SWORN TO this __4th__ day of June 2012.

BELINDA MALTOS
Notary Public, State of Texas
My Commission Expires
SEPTEMBER 8, 2012

Notary Public in and for
The State of Texas

Doc# 201200040866
#Pages 1 #NFPages 1
6/4/2012 12:47:41 PM
Filed & Recorded in
Official Records of
El Paso County
Delia Briones
County Clerk
Fees $16.00



I hereby certify that this instrument was filed on the date and time stamped
hereon by me and was duly recorded by document number in the Official
Public Records of Real Property in El Paso County.

EL PASO COUNTY, TEXAS

## IN THE COUNTY COURT AT LAW NUMBER SEVEN
## OF EL PASO COUNTY, TEXAS

ROSA SERRANO d/b/a     §

THE LENS FACTORY     §

Plaintiff/Counterclaimant     §     CAUSE #   2013DCV3139

    §

v.     §

PELLICANO BUSINESS PARK,     §

L.L.C., A TEXAS CORPORATION     §

    §

Defendant/Respondent     §



FILED
NORMA L. FAVELA
DISTRICT CLERK
2013 AUG 26 PM 3: 22
EL PASO COUNTY, TEXAS
DEPUTY

## IN THE COUNTY COURT AT LAW NUMBER SEVEN
## OF EL PASO COUNTY, TEXAS

IN RE:     §

PURPORTED MECHANICAL AND     §

MATERIALMAN'S LIEN CLAM OF     §

LEIN AGAINST PELLICANO     §     CAUSE #   2012DCV06341

BUSINESS PARK, L.L.C.     §

### ORDER OF CONTEMPT

On July 30, 2013, in cause # 2012DCV06341, this Court entered an ORDER re-affirming that all liens were VACATED. At the request of Ms. Serrano, all claims concerning those liens were severed so that they could become immediately appealable.

On August 5, 2013, prior to any appeal, this Court entered a Preliminary Injunction which stated in relevant part:

> "This Court has previously issued Orders VACATING all liens in this case. In addition to those Orders, the Court now ENJOINS Rosa Serrano, both in her individual capacity as a pro se litigant and in her capacity as a representative of The Lens Factory or as a representative of any subcontractors, from taking any steps to effectuate a sale of the property at issue or to otherwise seek to

000420

enforce those purported liens.

There shall be no sale of any property through those liens unless there is a subsequent order of this Court."

On August 7, 2013 a Notice of Appeal was filed by Ms. Serrano. The Court of Appeals has not vacated or modified the Preliminary Injunction.

On August 16, 2013, a Motion for Contempt was filed under both the original cause #2012DCV06341 and under the newly created cause number for the severed claims, 2013DCV3139. Ms. Serrano was served with that Motion and a hearing was held on August 26, 2013.

The following facts have been established:

1. Ms. Serrano was fully aware of the Preliminary Injunction when it was issued.

2. Ms. Serrano contacted City Bank, the property owner's lender, and requested permission to act as a substitute trustee under their Deed of Trust.

3. That request was denied.

4. Ms. Serrano then contacted Ms. Mitrisin and arranged for her to post the property for sale.

5. Ms. Serrano acted without any authority from City Bank and solely in her own interest.

6. Ms. Serrano violated the Preliminary Injunction.

Therefore, after due notice and a hearing, this Court finds Ms. Serrano in contempt. This matter is governed by Art. 21.002(b) of the Texas Government Code which provides that contempt is to be punished by a fine of up to $500.00 and/or by a jail commitment of not more than six (6) months.

000421

The fine is hereby set at $400.00. Any further acts of contempt may require this Court to consider a jail commitment.

Signed and entered this 26 day of August, 2013.

TOM SPIECZNY, JUDGE

cc:   Burton Cohen        Fax: 915/544-6712
      Rosa Serrano        Fax: 915/856-1665

000422